### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEEL VALLEY SCHOOL DISTRICT, ) | |
| ) | |
| Plaintiff, ) | C.A. NO. 00-167 |
| ) | Judge Nora Barry Fischer |
| v. ) | |
| ) | |
| PETER KASICH, DORINE KASICH, ) | |
| AND THEIR DAUGHTER, KATIE K., ) | |
| ) | |
| Defendants. ) | |

### OBJECTION TO PETITION FOR DISSOLUTION OF TRUST

AND NOW, comes the Plaintiff Steel Valley School District, by and through its counsel, Patricia R. Andrews, Esquire, and the law firm of Andrews & Price, files the within Objection to Petition for Dissolution of Trust averring as follows:

1. This trust was created by funds from a public school district that operates and exists though the use of public tax dollars.

2. This trust was created to resolve a special education due process award for compensatory education.

3. The District agreed to provide, in lieu of the awarded compensatory education, Katie K. with $50,000 to be placed in a Trust to be used only for legitimate educational expenses.

4. This trust was created with the understanding that the Trustee would be required to petition this Court for each and every expense paid from the Trust.

5. The purpose of the required Court approval was to ensure that a Federal Court Judge approved the expense as legitimately being used for educational purposes.

6. There was no agreement, written or otherwise, that provided for Katie K. to receive the funds for anything other than legitimate educational expenses.

7. Counsel for Katie K. and Trustee now admits in her Petition that Katie has completed her education and apparently no longer needs the Trust for educational expenses.

8. Clearly, purchasing a home is not a legitimate educational expense.

9. As Katie has completed her education, purchasing a home cannot be said to be "related" to her education.

10. That Katie is "cooperative" "responsible" and "mature" is irrelevant and does not render the purchase of a home through the use of public funds to be a legitimate educational expense.

11. Further, the fact that the money earns a low interest rate is also irrelevant. The Trust was established by the family, not the District, with the family's attorney acting as Trustee.

12. The public school district should not be required to pay Katie K. the remaining money in the trust simply because the money was not invested or utilized appropriately.

13. Because this trust was established through the use of public funds, if the money is no longer needed for educational purposes, the remaining $39,000 should revert to the public agency and not simply be given to the Defendant to be used as she pleases.

WHEREFORE, the Plaintiff Steel Valley School District respectfully request that Defendant's Petition be denied and the unused money in the Trust revert to the Plaintiff. .

Respectfully submitted,

ANDREWS & PRICE

BY: __/s/ Patricia R. Andrews_____
Patricia R. Andrews, Esquire
PA I.D. #80458
Firm #549
Suite 506
1500 Ardmore Boulevard
Pittsburgh, PA  15221
(412) 243-9700

Attorneys for Plaintiff Steel Valley School District