IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEEL VALLEY SCHOOL DISTRICT, | : | CA NO: 00-167 |
| Plaintiff, | : | |
| v. | : | Judge Nora Barry Fischer |
| PETER KASICH, DORINE, AND THEIR DAUGHTER, KATIE K., | : | |
| Defendants | : | |

Katie K's Response to School District's Brief in Support of
Objection to Petition for Dissolution of Trust

In response to the school district's objection on behalf of Katie K. the undersigned acting as trustee and attorney for Katie K. asks that the Court consider the attached documents[1] in making a decision in regard to Katie's right to funds held in trust by Brentwood Bank pursuant to court order.

Steel Valley School District argues that the Court should consider the jurisprudence surrounding the award of compensatory education as a remedy in the recently filed brief, which would mean arguing again the facts of a case long-settled. The settlement agreement, signed by both parties, is herewith attached. Paragraph two of the agreement provides that the school district will pay $50,000 into a fund for Katie, money from which will be available pursuant to court order. The money may be used only for "legitimate services." That paragraph includes the sentence: "The parties agree that providing the $50,000 fund satisfies the award for

---

[1] Undersigned counsel has been informed by the clerk's office that the case file is stored in the Court's Philadelphia facility.

compensatory education and any damages that have resulted from Katie's educational services and completes the District's obligation to provide compensatory education for Katie."

Attached is also the Answer and Counter Claim filed by defendants in the underlying litigation. The school district had filed an appeal of the administrative decision that awarded compensatory education to Katie. In counter claiming, the parents raised issues under 42 U.S.C. §1983 and Title IX of the Education Amendments of 1972 (20 U.S.C. §§ 1681-1688) and asked that money damages be awarded to Katie K. The settlement agreement resolved claims for compensatory education and damages. The fact that public monies were used to fund the trust has to do with the insurance coverage purchased by the school district and should not provide a moral platform for the school district at this late date. The harms to Katie K. are stated briefly in the Answer and Counter-Claim and need not be reargued here. Wronged and deprived of appropriate educational services as a child, Katie is now a young woman with a child attempting to find her place in society and in the economy. She did finish high school and has enrolled in post-secondary courses of study.

The Court has previously signed orders permitting Katie K. to withdraw money from her trust for living expenses, first for rent and then for purchase of a house. The Petition for Release of Funds in Trust for Katie K. is herewith attached. Undersigned counsel and trustee has previously explained that although the court permitted her to withdraw funds for the purchase of a house in 2005, that transaction was not completed. The funds were placed in a Certificate of Deposit, along with funds from other sources, which is held by Brentwood Bank in the names of both Katie and her father. Katie and her parents have now located a suitable house for Katie and her two-year-old son. The closing costs for the house are $11,901.20. The Closing Cost Estimate is attached as an exhibit.

Given the school district's objection to the dissolution of the trust fund at this time, Katie K. asks that the Court approve release of the amount needed to close.  Katie K. asks that the Court consider that there will be a penalty if she withdraws money from the CD prematurely, and that would constitute waste.  Undersigned counsel notes that the school district has not previously objected to the release of funds for living costs and was thus surprised at the school district's response.  When contacted in 2005 regarding the house, the attorney for the school district did not express an objection.

Finally, it is not all clear that Katie has finished with her educational endeavors.  She is only 22 years old.  She has not passed the realtor exam at this time.  She has never demonstrated an inclination to waste the money in the trust, but the funds were awarded to her as her remedy.  The settlement agreement does not include a provision for the return of the funds to the school district, and it does give the Court wide latitude in granting permission for the use of the funds.

Respectfully submitted,

/s/Pamela E. Berger

PA ID 52119
434 Grace St.
Pittsburgh, PA 15211
412.904.2250
412.774.2193 (fax)