IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEEL VALLEY SCHOOL DISTRICT, | C.A. No. 00-167 |
| | Judge Ziegler |
| Plaintiff, | |
| | |
| v. | |
| | |
| PETER KASICH, DORINE KASICH, | |
| AND THEIR DAUGHTER, | |
| KATIE K., | |
| | |
| Defendants. | |

## SECOND AMENDED ANSWER AND COUNTER CLAIM

The Defendants Peter and Dorine Kasich, and their daughter, Katie K. file this Answer and Counter Claim and aver as follows:

1. Admitted.

2. Admitted in part. Katie K. has attended school in Steel Valley School District as well as attending parochial schools, but recently she has been home schooled.

3. Admitted.

4. Admitted, except that Defendants challenge the school district's position that Katie's eligibility for special education services in any way limited the school district's obligations under relevant law and regulation to address all of her educational needs under 22 Pa. Code Chapter 14 and the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.*

-1-

5. Admitted in part. Katie may meet guidelines for emotional and learning support.

6. Denied.

7. Admitted.

8. Admitted. Defendants are currently challenging the sufficiency of the services offered in the mandated administrative proceeding.

9. Admitted. Defendants are challenging the validity of the Comprehensive Evaluation Report.

10. Admitted that the school district has taken this action, although the defendants allege that there is no legal basis for the use of the "Individual Needs Plan" rather than identifying all of the child's needs on her Individualized Educational Program ("IEP").

11. Admitted that the Individual Needs Plan is a document developed by the school district and is not either required or contemplated by the Individual with Disabilities Education Act.

12. Admitted that at a time when Katie's emotional health was deteriorating, when she became incapable of attending public school due to her school phobia, her fear of retaliation by bigger male classmates, and her inability to make academic progress due to her unmet educational needs, Katie's parents enrolled her in a parochial school as their only option.

13. Admitted.

14. Denied. The parents began the process of notice and request for a remedy in compliance with the Individuals with Disabilities Act in May 1999.

15. Admitted.

16. Admitted.

17. Denied that these cases either set forth that requirement or are applicable to the facts of this case.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied.

23. Admitted.

24. Denied.

## THIRD AMENDED COUNTER CLAIM

### Introduction

25. Peter and Dorine Kasich prevailed in an impartial due process hearing in which they established that the school district had not provided a free, appropriate public education for their daughter in the 1998-99 school year. The parents then proceeded to the Special Education Appeals Panel and were given an enhanced remedy. During the time of the pendency of the original administrative action, the school district continued to deny Katie the services that she needs and the law mandates. Katie's emotional health has deteriorated, and her family's resources have been depleted. Now, the school district has taken the family to court rather than provide an appropriate education to Katie. The school district's action strips Katie of her privacy and leaves the family with no option

but to pursue a remedy that will assist Katie in preparing for an adult life—preparation that the school district has denied her.

26.  Pursuant to F.Rule Civ. Pro. 13, Counter Claim Designated Plaintiffs assert the following counter claims.

### 42 U.S.C. §1983
#### I. The Individuals with Disabilities Education Act: 20 U.S.C. §§1400 et. seq.

27.  Acting under color of state law, Plaintiffs deprived Katie K. of rights guaranteed to her by federal statute, namely the Individuals with Disabilities Education Act. To the extent that Defendants are required to plead that the school district implemented a policy or practice to deprive Katie K. of rights under the IDEA, they intend in this paragraph to do so. Alternatively, they assert that they need not prove a policy or practice when alleging a violation of federal law.

28.  Defendants assert that the Steel Valley School District failed to identify Katie's receptive speech deficits and failed to provide appropriate speech therapy for Katie's articulation disorder in violation of 22 Pa. Code Chapter 14 and the Individuals with Disabilities Education Act.

29.  Because of the school district's failure to identify Katie's disability, she has entered her teens with a correctable articulation problem that has caused her humiliation and contributed to the current emotional condition that prevents her from being able to attend school.

30.  The school district failed to identify Katie's post traumatic stress syndrome and school phobia, despite contacts from Katie's treating psychologist in violation of state and federal law.

31. Because of the school district's refusal to address Katie's emotional problems resulting from the school district's failure to protect her from sexual harassment and failure to provide her with a free, appropriate public education, Peter and Doreen Kasich have been financially harmed.

32. Peter and Dorine Kasich have paid for private psychological services because of the school district's failure to serve Katie appropriately.

33. Peter and Dorine Kasich have paid for speech and language evaluations because of the school district's failure to evaluate Katie appropriately.

34 Peter and Dorine Kasich have paid for legal services to pursue an appropriate program for Katie.

35. The school district's failures led to expenses for private education, transportation to a private school, and caused hardship to the family as a whole, causing Katie emotional distress and humiliation.

36. Because of Katie's condition, Dorine Kasich was required to give up full-time employment and work part-time, causing hardship to the family, and emotional distress and humiliation particularly to Katie.

37. The Kasich family home is now in foreclosure because of the diversion of income to meeting Katie's needs that the school district should have been meeting, causing emotional distress and humiliation to Katie.

38. Because the school district did not protect Katie, did not identify her disabilities, and did not seek to provide a remedy when the harm to Katie was made manifest, Katie's disabilities have worsened.

39. Family resources have been disproportionately allotted to Katie so that her siblings have been deprived of their share, creating stress and tension in the home and contributing to Katie's pain, distress, and humiliation.

40. Katie's projected earnings as an adult worker are reduced by the school district's failure to provide her with appropriate services so that her skills are delayed in development.

### IV. Title IX (20 U.S.C. §§ 1681-1688)

41. The school district discriminated against Katie on the basis of sex by countenancing peer on peer sexual harassment of Katie.

42. Mr. and Mrs. Kasich notified administrators with the authority to address the harassment on several occasions, but any actions taken were dilatory, incomplete, and ineffective. The school district was also contacted by Katie's treating psychologist who explained that Katie was particularly vulnerable to sexual harassment.

43 School district administrators agree that they were had notice from the parents concerning the harassment; they have provided sworn testimony to that effect. They disagree with defendants' contention that they did not address the harassment in a timely and effective manner.

44. Sexual harassment of Katie by several boys consisted of physical abuse on several occasions followed by months of threats and stalking of Katie so that her fear of attending school, her fear, and her humiliation intensified.

45. The school district administration was deliberately indifferent to the severe, pervasive, and objectively offensive sexual harassment of Katie, which deprived her of

access to her educational program in that she became afraid to attend school and, when she did attend school, was too frightened to concentrate on her work.

## Prayer for Relief

And now, Defendants ask that this Court:

1. Assume jurisdiction over this counter-claim;

2. Hold that the Appeals Panel ruled correctly and award Katie compensatory education services;

3. Hold that Plaintiff violated 42 U.S.C. § 1983 by depriving Katie of rights under the Individuals with Disabilities Education Act, the equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution;

4. Hold that Plaintiff violated Title IX by countenancing sexual harassment of Katie;

5. Order that Steel Valley School District offer Katie an appropriate educational program;

6. Order that Plaintiff pay any and all damages authorized by law to Peter Kasich, Dorine Kasich, and Katie Kasich and pay the legal costs associated with this action and with the underlying administrative proceeding.

Respectfully submitted,

Pamela E. Berger

PA ID 52119
312 Blvd. of the Allies

Suite 600
Pittsburgh, PA 15222
(412) 281-1110