IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| STEEL VALLEY SCHOOL DISTRICT | ) | CA NO. 00-167 |
| Plaintiff, | ) | |
| v. | ) | Judge Nora Barry Fischer |
| PETER KASICH, DORENE KASICH AND THEIR DAUGTHER, KATIE K. | ) | |
| Defendants. | ) | |

**Plaintiff's Reply to Defendants' Response to School District's Brief in Support of Objection to Petition for Dissolution of Trust**

In reply to Defendant's Petition, the Steel Valley School District does not propose that the facts of the underlying case be argued. Rather, the District contends that a historical review of the settlement discussions with the Honorable Judge Zeigler is important in making a decision as to whether the parties intended that Trust fund proceeds could be used to purchase a house for the Defendant.

During settlement discussions, undersigned counsel raised concerns regarding how the settlement proceeds would be used. As is evident from the Settlement Agreement, the parties agreed that this money would be used for "legitimate services" that would be policed by this Court. This language was used to ensure that Katie K. would receive educational "services" to "make up for" any education that was allegedly denied by the District. There was a restriction placed on these funds that the Defendant and their Trustee simply want to ignore. Regardless of the facts of the underlying lawsuit or the counterclaim, this money was intended is specifically designated to be used for

"services."  As stated in the District's previous brief, purchasing a house is not a "service."

In fact, this type of purchase is exactly what the District was concerned with in reaching settlement.  The District only agreed to the settlement after Judge Zeigler's assurance that the Court would ensure that the funds were being used for "legitimate services."  If this settlement was intended to simply allow Katie K. to use the funds for anything she wants to purchase, the District would have simply handed her a check for $50,000 with no restrictions.  Nor was this money "awarded" to her as a remedy as Defendants contend.  These funds were agreed to be paid into a Trust via settlement with a restriction that the money be used for "legitimate services."  This cannot be ignored.

With regard to previous orders signed by this Court, this is the first time that the District has been given the opportunity to respond to any of Defendants' Petitions.  No prior briefing schedules have ever been ordered.  Further, undersigned counsel has no recollection of being notified of Defendants' prior Petition to release funds to purchase a house.  The Defendants' 2005 Petition that is attached to their Response to School District's Brief in Support of Objection to Petition for Dissolution of Trust does not contain a Certificate of Service.  This 2005 Petition was filed before electronic filing was instituted.  As such, Plaintiff would not have been notified by the Court regarding this filing as it was for Defendant's current Petition.

The District has relied on this Court in the past to make the determination regarding whether the requested funds would be used for "legitimate services." However, given that this request runs far afoul of a "legitimate _service_" the District must

voice its objection to the use of public funds to purchase a house for a former student under the guise of a "legitimate service." Defendants state that the money to fund the trust has to do with insurance coverage, which is inaccurate. School district insurance policies cover defense costs only. The Settlement was paid directly from the school district's operating budget. This money comes directly from the taxpayers of the District. The taxpayers of the Steel Valley School District should not be responsible for purchasing Katie K. a home.

If Katie K. continues to have education endeavors, then the funds should be used toward that end. However, based upon Defendants' original petition, Defendants were arguing that since Katie has finished her realtor classes, the trust should be dissolved and the remaining money should be given to Katie directly to buy a house. Again, the Agreement restricts the use of this money for "legitimate services" and this Court must stay within the parameters of that Agreement. The Agreement does not give the Court wide latitude to allow Katie K. to use the funds for anything other than "legitimate services." If in fact the Trust is to be dissolved because Katie no longer needs educational services, as Defendants request in their original Petition, it is the District's position that the unused public funds should revert back to the District.

For the reasons set forth herein, Defendants' Petition must be denied.

        Respectfully submitted,

        ANDREWS & PRICE


        BY:   /s/ Patricia R. Andrews
            Patricia R. Andrews, Esquire
            PA I.D. #80458
            Firm #549
            Suite 506

1500 Ardmore Boulevard
Pittsburgh, PA  15221
(412) 243-9700

Attorneys for Plaintiff Steel Valley
School District